## ROYAL C. FAIRFIELD *vs.* CYNTHIA FAIRFIELD & others.

A bill in equity, under the Rev. Sts. *c.* 70, § 16, against the widow and children of a deceased person, by a creditor whose right of action accrued after the expiration of the term of limitation of actions against his executor, which alleges that his personal property was insufficient to pay his debts, that his whole estate was more than sufficient to pay the plaintiff's claim, that by his will he gave to his widow all his personal property, subject to the payment of his debts, and all his real estate for life, and to his children the remainder of his real estate, and charged all his estate, real and personal, with the payment of his debts, including the plaintiff's claim, and that the devisees assented to and adopted the provisions of the will, is not bad on demurrer for not showing that more than one person is liable for the debt, or for not showing that either of the defendants is so liable, or for not stating the amount of personal property bequeathed and its proportion to the real estate.

BILL IN EQUITY against the widow, son and daughters of Esdras T. Fairfield, deceased, under the Rev. Sts. *c.* 70, § 16, by a surety on two promissory notes made by the deceased, to recover the amount which the plaintiff had been compelled to pay upon those notes after the time of limitation of actions against the executrix (who was the widow) had expired, and within one year before filing this bill, for the payment of which no provision had been made according to the Rev. Sts. *c.* 66. The bill, as amended, further alleged that the testator died seised and possessed of real and personal estate of the amount of three thousand dollars, which was more than sufficient to pay the plaintiff's claim; and by his will gave to his widow all his personal property, subject to the payment of his debts and funeral charges, (which it was insufficient to pay,) and also gave her all his real estate during her life, and devised the remainder of his real estate, after her death, and subject to the payment of twenty five dollars to his son, to his daughters in fee; and directed that all his debts should be paid out of his estate, and made the amount of the plaintiff's claim, with interest, a charge upon all his real and personal property; that the devisees assented to and adopted the provisions of the will, and the widow was liable to pay to the plaintiff such sum, if any, as was charged upon the personal estate, and the children were liable to contribute towards the payment of his claim in pro

portion to their respective interests under the will. The defendants demurred to the bill.

*W. Allen, Jr.*, for the defendants. The bill must show that more than one person is liable for the debt. Rev. Sts. *c.* 70, § 16. This bill does not show that either of the children of the deceased has received estate from him so as to be liable to the plaintiff. A devise of estate in expectancy does not, of itself, show estate received within the meaning of Rev. Sts. *c.* 70, § 14. As the liability is personal, and not a lien on the estate, it must arise from the act of the party to be charged, in receiving the estate, and thus accepting the liability ; and when the interest is in expectancy, whether vested or contingent, such acceptance cannot be presumed. The bill shows that the widow is exclusively liable for the debt, to the extent of the personal property received by her; and, in order to charge the other defendants, it should show that she has not received such property to the amount of the debt, or that the debt cannot be recovered from her. The bill is also defective in not stating the amount of personal property bequeathed, and its proportion to the real estate.

*S. T. Spaulding*, for the plaintiff.

DEWEY, J. That the plaintiff is entitled to this form of relief is obvious from the Rev. Sts. *c.* 70, § 16, and confirmed by the opinion of this court in the case of *Wood* v. *Leland*, 22 Pick. 505. The case of the plaintiff, as respects his being a creditor of the estate of Esdras T. Fairfield, and a creditor whose debt accrued at such time and under such circumstances as entitles him to relief under the Rev. Sts. *c.* 70, § 14, is fully shown by the recitals in his bill. The only further question, is whether he has also stated a case entitling him to make these defendants parties to such bill. The statute provides that the creditor may recover his demand in such case of the devisees and legatees under the will, each of whom shall be liable to the creditor to an amount not exceeding the value whether of real or personal estate which he shall have received. The defendants are alleged to be such devisees and legatees, and as such are before the court, which on a future hearing will decide the extent of their liability and the manner in which it shall be enforced. The bill, as

amended, alleges that the personal property was insufficient to pay the debts, and that the debt of the testator, which the plaintiff has been obliged to pay, was charged by the will upon the real as well as personal estate. It also alleges that the devisees have assented to and adopted the provisions of the will, thus connecting them with the will as devisees, independently of the further ground relied upon, that such acceptance of a beneficial devise should be presumed, it not having been formally declined or now disclaimed.

The manner in which this claim is to be enforced, and the mode of ascertaining the extent of the liability of devisees holding legacies and devises like those in which the present defendants have an interest, will be a matter for future consideration in the further progress of this bill.          *Demurrer overruled.*